**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KHALID MOHAMMAD,

Plaintiff,

v. CIV 14-0375 KG/RHS

TARGET, *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION**
**TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING THE CASE**

**THIS MATTER** comes before the Court on Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 3, filed April 23, 2014). For the reasons stated below, the Court will **GRANT** the Application and **DISMISS** the case.

**Motion to Proceed *in forma pauperis***

Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on May 1, 2014. (Doc. 3). The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.  Plaintiff states that he is homeless, that his total monthly income is $189.00 from public assistance, and that he has no assets.

**The Complaint**

Plaintiff, who is proceeding *pro se*, seeks relief for the alleged violation of his constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (Complaint at 1-2).  "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law."  *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

Plaintiff alleges the following facts.  (*See* Complaint at 13-15).  Plaintiff visited a Target store on March 24 and April 10, 11, 12, 13 and 16, 2014, and "lost his consciousness" on each of those dates.  A Pizza Hut and a Starbucks are located at the Target store.  Plaintiff alleges that staff members of Target, Pizza Hut and Starbucks "subject[ed] him to treatment for loss of consciousness without proper training, certification, or authorization by the Plaintiff," and that those staff members did not "contact local authorities, hospitals, [or] public healthcare providers on behalf of Plaintiff."  (Complaint at 16).  Plaintiff alleges those staff members violated his Fourteenth Amendment right to be free of "medical malpractice."

Plaintiff also alleges that seven unidentified Defendants who are cashiers violated his 14th Amendment rights when they performed one or more of the following acts:  (1) failing to collect sales tax, thereby linking Plaintiff to the crime of tax evasion; (2)  issuing food stamps to Plaintiff without authorization by the New Mexico Human Services Department, thereby linking

him to the crime of embezzlement of public assistance funds; (3) not providing Plaintiff with proof of purchase of a shopping bag, thereby linking him to the crime of theft; (4) not inspecting food items for expiration dates, thereby placing his health in danger because Plaintiff ingested spoiled edibles that he had purchased; (5) collecting a fixed price of 24 cents for every banana regardless of its individual weight, thereby linking Plaintiff to violations of Antitrust and Trade Regulations laws; and (6) scanning a coupon three times to increase Plaintiff's savings from 5 cents to 15 cents, thereby linking him to the crime of theft of profits from Target.

The Complaint names over 40 Defendants, many of which appear to have no involvement in the facts recited above other than the conclusory allegation that certain individual defendants "fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts" by other defendants, thereby "linking the liability of his wrongdoings to" the defendant entities. The Complaint states that "All defendants are sued in their official capacity . . . [and] via the doctrine of respondeat superior." (Doc. 1 at 6).

**United States Defendants**

The Complaint names the following as defendants associated with the United States:

The United States of America;
United States Department of Justice;
Internal Revenue Service;
Department of Labor;
Occupational Safety & Health Administration;
Food and Drug Administration;
Attorney General of USA;
Attorney General of Department of Justice;
Inspector General of the United States;
Commissioner of Internal Revenue Service; and
Director of Occupational Safety & Health Administration.

There are no factual allegations that any of the federal officers were involved with the events described in the Complaint. The Complaint only makes the conclusory allegations that the

federal officers "fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts" by other defendants, thereby "linking the liability of his wrongdoings to" the federal entities.

The Court will dismiss the claims against the United States, its departments and officers for lack of jurisdiction. Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. Section 1983 "applies only to actions by state and local entities, not by the federal government . . . and does not apply to federal officers acting under color of federal law." *Beals v. United States Department of Justice*, 460 Fed.Appx. 773, 775 (10th Cir. 2012) (affirming district court's dismissal of plaintiff's Section 1983 claims against the United States for lack of subject matter jurisdiction).

Liberally construing Plaintiff's complaint as asserting *Bivens* claims against the United States and its officers, the Court concludes that dismissal of the claims against the United States Defendants is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed). "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

Plaintiff's complaint does not allege any other basis for jurisdiction over his claims against the United States Defendants. "District courts lack subject matter jurisdiction over a

claim against the United States for which sovereign immunity has not been waived." *Id.* Plaintiff, who bears the burden of establishing the United States' waiver of sovereign immunity, makes no allegations in his complaint that the United States waived its sovereign immunity. The Court concludes it has no jurisdiction over Plaintiff's claims against the United States Defendants.

**State of New Mexico Defendants**

The Court will dismiss the claims against the following State of New Mexico Defendants for lack of jurisdiction:

State of New Mexico;
Occupational Health and Safety Review Commission;
Taxation & Revenue Department;
FDA-Southwest Region;
New Mexico Human Services Department;
Attorney General of New Mexico;
Governor of New Mexico; and
the following unidentified officers or representatives of the State entities: DOE-OSHA-NM, DOE-TNR, DOE-NMSHD, DOE-FDA-SW.

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. Furthermore, Plaintiff has sued the unidentified

officers/representatives of the State in their official capacities. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006). The Court concludes that it lacks subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims with respect to the State of New Mexico Defendants.

**County of Bernalillo and City of Albuquerque**

The Court will dismiss the claims against the County of Bernalillo and the City of Albuquerque because Plaintiff's complaint fails to state a claim against them. "[V]icarious liability will not open a municipality to liability simply when one of its officers has committed a constitutional violation . . . "[i]t is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002)(*quoting Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978) and *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)("the inadequacy of police training may serve as a basis of § 1983 liability ... where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact.")). The only allegations in the complaint regarding the County and the City are that they are "sued via the doctrine of respondeat superior" and that their representatives "fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts by" other Defendants. There are no allegations of County or City policies or customs that might serve as a basis for § 1983 liability, or that the failure to supervise, train and implement remedies amounts to a deliberate indifference to Plaintiff's rights.

The Court will dismiss the claims against the Manager of the County of Bernalillo and the Mayor of the City of Albuquerque for failure to state a claim.  Plaintiff's complaint states that these defendants are being "sued via the doctrine of respondeat superior.  "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1163-1164 (10th Cir. 2011).  "[T]o establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution [and then] must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates . . . mere negligence is not enough to hold a supervisor liable under § 1983 . . . a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151-1152 (10th Cir. 2006).  Plaintiff's complaint contains no allegations that the Bernalillo County Manager or the Mayor of Albuquerque acted knowingly or with deliberate indifference that a constitutional violation would occur, or that the cashiers were subordinates of the County Manager or the Mayor.

**Target, Pizza Hut and Starbucks**

The Court will dismiss the claims against Target, Pizza Hut, Starbucks and their staff for failure to state a claim because they are not state actors.  Section 1983 only authorizes suits against persons acting under color of state law.  The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.* 336 Fed.Appx. 841, 842 (10th Cir. 2009) (*quoting Lugar v. Edmondson Oil*

*Co., Inc.* 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). Because Target, Pizza Hut, Starbucks and their staff are private actors, Plaintiff can only state a cognizable § 1983 claim against them if he adequately alleges that these defendants conspired with the state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.* Plaintiff's complaint makes no allegations that Target, Pizza Hut, Starbucks or their staff conspired with state actors or that their actions are attributable to the State, County or City.

**Dismissal of the Complaint**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* The Court looks to the

specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Court will dismiss Plaintiff's Complaint because the Court is dismissing all of the claims against the Defendants. The Court will dismiss Plaintiff's claims against the United States and State Defendants without prejudice for lack of jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). The Court will dismiss Plaintiff's claims against the County of Bernalillo and its Manager, the City of Albuquerque and its Mayor, and Target, Pizza Hut, Starbucks and their staff, with prejudice for failure to state a claim. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leaving to amend would be futile."). Amendment of Plaintiff's Complaint would be futile because the only acts of which Plaintiff complains were performed by private actors, and those acts were not performed pursuant to policies or customs of, or subject to supervision by, the state actors.

**IT IS THEREFORE ORDERED** that Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3, filed May 1, 2014) is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff Khalid Mohammad's Complaint (Doc. 2, filed April 23, 2014) is **DISMISSED.**

**UNITED STATES DISTRICT JUDGE**